UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80021-CIV-COHN/SELTZER

NATIONWIDE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.

COASTAL CHEMICAL, INC.;
CALIFORNIA INTERNATIONAL
CHEMICAL COMPANY, INC.;
and STACY ANN WALLACE as
the Personal Representative of
the Estate of Johnathan Wallace,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Coastal Chemical, Inc.'s Motion to Dismiss [DE 7] and Defendant Stacy Ann Wallace's Motion to Dismiss Plaintiff Nationwide Insurance Company's Complaint for Declaratory Relief [DE 25] (together, "Dismissal Motions"). The Court has carefully reviewed the Dismissal Motions, the filings supporting and opposing those Motions, the record in this case, and is otherwise fully advised in the premises.[1]

---

[1] Defendant Coastal Chemical, Inc., has filed a Request for Oral Argument on its Motion to Dismiss [DE 8]. The Court finds, however, that the parties' arguments concerning both Dismissal Motions are adequately presented in the written filings and that a hearing is unnecessary. Accordingly, the Request for Oral Argument is denied as moot. Coastal Chemical, Inc., has also filed a Motion for Continuance of Trial Date and Other Cut-off Dates [DE 38]. Because the Court concludes that the Dismissal Motions should be granted, the Motion for Continuance is likewise denied as moot.

I.   **Background**

Coastal Chemical, Inc., ("Coastal") provides chlorine chemical treatments for residential swimming pools.  See DE 1-3 at 3, ¶ 8.  Jonathan Wallace was a Coastal employee whose duties included filling tanks with chlorine gas from larger storage containers.  See DE 1 at 3, ¶ 9; id. at 14, ¶ 30; DE 1-3 at 3, ¶ 8; id. at 4-5, ¶¶ 17-19.  While performing this work on May 15, 2012, Mr. Wallace was exposed to chlorine gas.  See DE 1 at 3, ¶ 9; id. at 14, ¶ 30; DE 1-3 at 7, ¶ 25.  Allegedly as a result of that exposure, Mr. Wallace later died.  See DE 1-3 at 7, ¶ 25.

Stacy Ann Wallace is Mr. Wallace's surviving spouse and the personal representative of his estate.  On October 5, 2012, Ms. Wallace filed a wrongful-death action (the "State Court Action") against Coastal and a related company, California International Chemical Company, Inc., ("CICC") in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida ("Circuit Court").  See DE 1-3. Ms. Wallace's Complaint in that action asserts negligence and strict-liability claims against Coastal and CICC.  See id. at 9-12.

On December 20, 2012, Coastal submitted a Motion to Intervene and File a Third Party Complaint in the State Court Action.  See DE 7-1 at 1-3.  As pertinent here, that Motion requested that Coastal be allowed to file a Third Party Complaint against Coastal's liability insurer, Nationwide Insurance Company of America ("Nationwide"). See id.  The Third Party Complaint seeks a declaratory judgment that Coastal's policy with Nationwide (the "Policy") covers any liability by Coastal in the wrongful-death suit. See id. at 10.  After a hearing, the Circuit Court granted Coastal's Motion on January 3, 2013, and deemed the Third Party Complaint filed on that date.  See id. at 4-5.  Coastal

later moved to amend its Third Party Complaint to designate Ms. Wallace and CICC as additional third-party defendants.  See DE 20-1; DE 20-2.

On January 7, 2013—four days after the Third Party Complaint was filed—Nationwide filed a Complaint for Declaratory Relief in this Court.  See DE 1.  Nationwide's Complaint, which names Coastal, CICC, and Ms. Wallace as Defendants, seeks a declaratory judgment that the Policy provides no coverage for the claims alleged in the State Court Action.  See id. at 16-17.  Nationwide's claim for declaratory relief is based on diversity jurisdiction, see 28 U.S.C. § 1332(a)(1), and on the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).  See DE 1 at 2.

Coastal and Ms. Wallace ("Defendants") subsequently filed their present Dismissal Motions.[2]  See DE 7; DE 25.  Defendants maintain that this action and Coastal's Third Party Complaint in the State Court Action raise the same issues regarding coverage under the Policy.  Defendants thus contend the Court should dismiss this case and allow those issues to be resolved in the State Court Action.

Nationwide opposes the Dismissal Motions, mainly arguing that it was improperly joined in the State Court Action because Florida law does not allow the Policy coverage issues to be decided in that case.  See DE 18; DE 29.  Based on this same argument, Nationwide filed a Motion to Dismiss the Third Party Complaint in the State Court Action.  See DE 37-1 at 10-29.  After the parties completed briefing on the Dismissal Motions in this case, the Circuit Court denied Nationwide's Motion to Dismiss following a hearing.  See DE 36-1 (Order of July 3, 2013).  Nationwide has moved for rehearing

---

[2] CICC filed an Answer denying that Nationwide is entitled to the requested declaratory judgment.  See DE 9.

or reconsideration of its Motion to Dismiss; the Circuit Court apparently has not yet ruled on that request.  See DE 37-1 at 2-8.

## II.     Discussion

### A.     Legal Standards

In cases where federal jurisdiction exists, the Declaratory Judgment Act permits, but does not require, federal courts to grant declaratory relief.  See 28 U.S.C. § 2201(a); Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) (explaining that the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so" (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942))).  The Supreme Court has cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Brillhart, 316 U.S. at 495.  When a district court is confronted with such parallel proceedings, "it should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court."  Id.  If so, the district court may exercise its discretion to dismiss the declaratory action in favor of the parallel state court action.  See Ameritas, 411 F.3d at 1332; see also Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) (noting the continuing application of "the Brillhart regime, under which district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings").

4

In evaluating whether to dismiss a federal declaratory action in favor of a parallel state court action, the district court should balance state and federal interests by considering the following factors:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas, 411 F.3d at 1331. These factors are "neither absolute nor is any one factor controlling"; they are "merely guideposts in furtherance of the Supreme Court's admonitions in Brillhart and Wilton." Id.; see Artmark Prods. Corp. v. Conbraco Indus., No. 11-20879-CIV, 2012 WL 1155132, at *2 (S.D. Fla. Apr. 5, 2012) (emphasizing that under Eleventh Circuit case law, "the Court has no obligation to consider each and

every factor on the [Ameritas] list and it is free to consider any other factors it deems relevant or significant").

  **B.**  **Analysis of Dismissal Motions**

Initially, the Court finds that this case and the State Court Action are parallel proceedings. The parties involved in the two cases are identical. And the claim for declaratory relief in Nationwide's Complaint raises the same basic issue as Coastal's Third Party Complaint in the State Court Action: whether the Policy covers Coastal's potential liability in Ms. Wallace's wrongful-death suit. See Brillhart, 316 U.S. at 495. Indeed, the declaratory judgment sought by Nationwide here is the mirror image of the declaratory relief requested in the Third Party Complaint.

The Court further concludes that the relevant state interests in resolving the Policy coverage issues outweigh the federal interests in adjudicating those matters. State-law contract principles will govern any determination of whether coverage exists, and no questions of federal law are presented. See Ameritas, 411 F.3d at 1331; see also Fed. Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues."). Also, a judgment in this action would not settle the entire controversy involving Ms. Wallace's wrongful-death claims against Coastal and CICC; it would only decide whether Nationwide is responsible for covering Coastal's liability up to the Policy limits. See Ameritas, 411 F.3d at 1331. The State Court Action, by contrast, provides a forum for resolving the whole case. See id.; Ven-Fuel, Inc. v. Dep't of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982) ("In its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court

6

will fully resolve the controversy between the parties"). Too, because Nationwide filed its Complaint in this case just four days after Coastal's Third Party Complaint was filed, there is at least some indication that Nationwide is merely seeking an alternate forum for claims that properly belong in the existing State Court Action. See Ameritas, 411 F.3d at 1331. Permitting that result, moreover, would create tension between this Court's jurisdiction and that of the Circuit Court. See id.; see also Brillhart, 316 U.S. at 495 ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."). Based on these considerations, the Court will grant Defendants' Dismissal Motions and allow the Circuit Court to resolve the declaratory-judgment issues regarding Policy coverage.

In addition, the Court notes that the Circuit Court has denied Nationwide's Motion to Dismiss the Third Party Complaint. This ruling undercuts Nationwide's argument that it is not a proper party to the State Court Action and therefore should be allowed to proceed with this case instead. Nationwide points out that it has moved for rehearing or reconsideration of its Motion to Dismiss and that the Circuit Court's denial of that motion is subject to *certiorari* review in the Florida courts. See DE 37 at 3. The Court recognizes that if Nationwide ultimately prevails on its Motion to Dismiss, then the declaratory-relief issues will not be decided in the State Court Action. To address that possibility, the Court will dismiss Nationwide's Complaint without prejudice. If Nationwide succeeds in obtaining dismissal of the Third Party Complaint, then it may refile its declaratory-judgment action in this Court.

### III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

7

1. Defendant Coastal Chemical, Inc.'s Motion to Dismiss [DE 7] and Defendant Stacy Ann Wallace's Motion to Dismiss Plaintiff Nationwide Insurance Company's Complaint for Declaratory Relief [DE 25] are **GRANTED**;

2. The above-styled action is **DISMISSED WITHOUT PREJUDICE**;

3. Defendant Coastal Chemical, Inc.'s Request for Oral Argument on Motion to Dismiss [DE 8] and Motion for Continuance of Trial Date and Other Cut-Off Dates [DE 38] are **DENIED AS MOOT**; and

4. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 31st day of July, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF